**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender,
and THE HUNTINGTON NATIONAL BANK,
as Administrative Agent and Collateral Agent,

Plaintiffs,

v. Case No.: 11-2026-CA-000170-00001-01

R&R EXPRESS PROPERTIES, LLC,
RICHARD S. FRANCIS, KATHLEEN
L. FRANCIS, and CENTENNIAL BANK,

Defendants.
_______________________________________________/

**PLAINTIFFS' MOTION TO PERMIT RECORDING OF LIS PENDENS**

Plaintiffs Huntington National Bank, as Lender, and Huntington National Bank, as Administrative and Collateral Agent (together "Plaintiffs"), by and through their undersigned counsel and pursuant to F.S. § 48.23, hereby move this Court to permit Plaintiffs to file and record a Lis Pendens herein, and as grounds therefore state that:

1. The Plaintiffs have recently filed their Verified Complaint herein to avoid the transfer of certain real property located at 550 S. Barfield Drive, Marco Island, Florida, 34145 (the "Property")[1] from Defendant R&R Express Properties, LLC ("R&R Express") to Defendant Richard S. Francis (who is the principal of R&R Express) and his spouse Defendant Kathleen L. Francis (together "the Francises"). As set forth in the Verified Complaint, said transfer should be voided because it was made with the actual intent to defraud the Plaintiffs and because it was made for grossly inadequate consideration while R&R Express was insolvent.

[1] The legal description of the Property is Lot 5, Block 306, Marco Beach Unit Nine, a subdivision according to the plat thereof as recorded in Plat Book 6, pages 69 through 73, inclusive, Public Records of Collier County, Florida.

2. The Plaintiffs hereby adopt by reference the allegations of their Verified Complaint.

3. The Plaintiffs' proposed Lis Pendens is attached hereto as Exhibit "A".

4. "Section 48.23 of the Florida Statutes expressly confers control over notices of lis pendens on the courts." *Taylor v. Steckel*, 944 So. 2d 494, 497 (Fla. 3d DCA 2006). "While the term 'lis pendens' literally implies a pending suit, it is defined as the jurisdiction, power, or control which courts acquire in property involved in a pending suit." *Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc.*, 675 So. 2d 915, 917 (Fla. 1996). A lis pendens "acts to warn future purchasers or encumbrances that a suit is pending that could affect title in a given piece of property." *J.B.J. Inv. Of S. Fla., Inc. v. Maslanka*, 163 So. 3d 726, 728 (Fla. 5th DCA 2015). Additionally, a lis pendens is designed "to protect a plaintiff from intervening liens that could impair or extinguish that plaintiff's claimed property rights." Id. "[T]he necessity of protecting [plaintiff]'s interests, putting third parties on notice of [plaintiff]'s pending claims, and preserving the court's authority to deal with the property remained unchanged and justified an extension." *Taylor*, 944 So. 2d at 497.

5. Here, the Plaintiffs are seeking to avoid the recent transfer of the Property to the Francises. The Property is valued at over $10.0 million. However, the deed from R&R Express to the Francises and the Collier County Property Appraiser's records demonstrate that the Francises paid no consideration for the Property, other than perhaps their taking on the obligation to make payments on a new mortgage.

6. If a Lis Pendens is not recorded, the Francises will be able to transfer or further encumber the Property to an unsuspecting third party.

7. There will be no harm to the Francises if a Lis Pendens is recorded. They are living in the Property and, upon information and belief, plan to assert that it is now their homestead.[2] The recording of the Lis Pendens will in no way affect their use and enjoyment of the Property.

8. The Plaintiffs therefore request this Court to permit the Plaintiffs to file and record a Lis Pendens, to require no bond, or only a nominal bond, and to permit the Lis Pendens to stay of record until this action is fully resolved.

WHEREFORE, Plaintiffs Huntington National Bank, as Lender, and Huntington National Bank, as Administrative and Collateral Agent, hereby move this Court to permit them to file and record a Lis Pendens herein, and for all such further relief as this Court deems just.

Respectfully submitted,

/s/ John D. Emmanuel

John D. Emmanuel
Florida Bar No: 0475572
john.emmanuel@bipc.com
Alexandra M. Dragovich, Esq.
Florida Bar No. 1025374
alexandra.dragovich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL 33602
Tel. No. 813 222 8180
Fax No: 813 222 8189
*Attorneys for Plaintiffs Huntington National Bank, as Lender, and Huntington National Bank, as Administrative and Collateral Agent*

[2] Plaintiffs reserve the right to challenge any possible future claim of homestead.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 27, 2026, pursuant to Florida Rules of Judicial Administration, Rule 2.516, I electronically filed the foregoing Motion To Permit Recording of Lis Pendens with the Clerk of Court by using the Florida Court E-Portal Filing System. The Plaintiffs will serve this Motion simultaneously with the Summons and Complaint.

/s/ John D. Emmanuel
John D. Emmanuel
FBN: 475572

# Exhibit "A"

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender,
and THE HUNTINGTON NATIONAL BANK,
as Administrative Agent and Collateral Agent,

Plaintiffs,

v. Case No.: 11-2026-CA-000170-00001-01

R&R EXPRESS PROPERTIES, LLC,
RICHARD S. FRANCIS, KATHLEEN
L. FRANCIS, and CENTENNIAL BANK,

Defendants.
______________________________________________/

**NOTICE OF LIS PENDENS**

**TO DEFENDANTS R&R EXPRESS PROPERTIES, LLC, RICHARD S. FRANCIS, KATHLEEN L. FRANCIS AND CENTENNIAL BANK :**

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING:

(a) The Plaintiffs have instituted this action against you seeking to avoid the transfer of the below described property from R&R Express Properties, LLC Grantor to Richard S. Francis and Kathleen L. Francis, Husband and Wife as Grantees.

(b) The Plaintiffs in this action are Huntington National Bank, as Lender, and Huntington National Bank, as Administrative and Collateral Agent.

(c) The date of the institution of this action is January 23, 2026 and the case number of the action is as shown in the above caption.

(d) The property that is the subject matter of this action in Collier County, Florida, and is described as follows:

Real property located at 550 S. Barfield Drive, Marco Island, Florida, 34145.

Lot 5, Block 306, Marco Beach Unit Nine, a subdivision according to the plat thereof as recorded in Plat Book 6, pages 69 through 73, inclusive, Public Records of Collier County, Florida.

Respectfully submitted,

/s/ John D. Emmanuel
John D. Emmanuel
Florida Bar No: 0475572
john.emmanuel@bipc.com
Alexandra M. Dragovich, Esq.
Florida Bar No. 1025374
alexandra.dragovich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL 33602
Tel. No. 813 222 8180/Fax No: 813 222 8189
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 27, 2026, pursuant to Florida Rules of Judicial Administration, Rule 2.516, I electronically filed the foregoing Notice of Lis Pendens with the Clerk of Court by using the Florida Court E-Portal Filing System.

/s/ John D. Emmanuel
John D. Emmanuel
FBN: 475572