**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent,

Plaintiffs,

Case No.: 11-2026-CA-000170-00001-01

v.

R&R EXPRESS PROPERTIES, LLC, RICHARD S. FRANCIS, KATHLEEN L. FRANCIS, and CENTENNIAL BANK,

Defendants.
_______________________________________/

**REPLY TO PRINCIPALS' AFFIRMATIVE DEFENSES**

Pursuant to Florida Rules of Civil Procedure 1.100(a), 1.140, and other applicable law, Centennial Bank ("Centennial"), by and through its undersigned counsel, hereby files its reply to the six (6) affirmative defenses (the "Affirmative Defenses") asserted by Richard S. Francis and Kathleen L. Francis (together, the "Principals"), in their "Defendants Richard S. Francis & Kathleen L. Francis's Answer & Affirmative Defenses to Centennial Bank's Cross-Claim & Crossclaims Against Centennial Bank" (the "Francis Answer"), filed on April 3, 2026, in response to "Centennial Bank's Answer, Affirmative Defenses, Counterclaim and Crossclaim" (the "Centennial Crossclaim"), filed on February 17, 2026, that itself responded to the "Verified Complaint" (the "Huntington Complaint") filed in this action (this "Fraud Action"), filed on January 23, 2026 by The Huntington National Bank, as lender, and The Huntington National Bank, as Administrative Agent and Collateral Agent (together, "Huntington"):

At the outset, Centennial notes that each of the Affirmative Defenses should be disregarded as insufficiently pled. Pursuant to Florida Rule of Civil Procedure 1.110(d), "A pleading that sets forth an affirmative defense must contain a short and plain statement of the ultimate facts

supporting the avoidance or affirmative defense." An affirmative defense is "legally insufficient" when it merely pleads "conclusions of law unsupported by allegations of ultimate fact." Bliss v. Carmona, 418 So. 2d 1017, 1019 (Fla. 3d DCA 1982) (citation omitted). Thus, legally insufficient affirmative defenses must be disregarded. Tacher v. Helm Bank, 50 So. 3d 1239, 1239 (Fla. 4th DCA 2011) (per curiam) (rejecting a "laundry list of affirmative defenses … [which] are legally insufficient on their face and … state general legal conclusions without any facts."). Moreover, conclusory statements are plainly insufficient to state a defense to a plaintiff's complaint and should be discounted. See Cady v. Chevy Chase Sav. and Loan, Inc., 528 So. 2d 136, 138 (Fla. 4th DCA 1988) ("Certainty is required when pleading affirmative defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient.") (citations omitted). Accordingly, each of the Affirmative Defenses should be stricken, or at a minimum, disregarded.

**First Affirmative Defense**

In the First Affirmative Defense, the Principals tersely assert that Centennial's Crossclaim fails to state any claim for which relief may be granted; however, the First Affirmative Defense is itself so cryptic that Centennial is not on proper notice as to the sum and substance of the First Affirmative Defense.

**Second Affirmative Defense**

Centennial denies any and all factual allegations contained within the Second Affirmative Defense, and to the extent that any legal conclusions are made within the Second Affirmative Defense, Plaintiff objects to said legal conclusions as inappropriate. In further reply, Centennial asserts that the Principals fail to offer any factual support for this affirmative defense. "[A]ccord and satisfaction is an affirmative defense that must be specifically pled." Quintana v. People's Tr. Ins. Co., 335 So. 3d 131 (Fla. 4th DCA 2022) (citing Wolowitz v. Thoroughbred Motors, Inc., 765

So. 2d 920, 923 (Fla. 2d DCA 2000)). The defense of accord and satisfaction "requires proof that the parties mutually intended to effect a settlement of an existing dispute by entering into a superseding agreement ... and ... actual performance with satisfaction of the new agreement." Id. In the Second Affirmative Defense, the Principals merely assert that accord and satisfaction existed without any factual allegations whatsoever. The motivation for the principles of brevity is a recognition that none of the elements for accord and satisfaction exist in this fact scenario.

**Third Affirmative Defense**

In the Third Affirmative Defense, the Principals tersely assert that Centennial's Crossclaim is barred by the doctrine of waiver, somehow assuming that the term "waiver," without any legal or factual explanation as to the ultimate facts relied upon, has some talismanic significance that excuses a fair explanation as to what they are referring to. Because the eleven words in the Third Affirmative Defense allege nothing, the Principals are unable to travel under this affirmative defense which fails to place Centennial on notice of the facts relied upon by the Principals in support of this affirmative defense.

**Fourth Affirmative Defense**

In the Fourth Affirmative Defense, the Principals tersely assert that Centennial's Crossclaim is barred by the doctrine of unclean hands, somehow assuming that raising this affirmative defense without any legal or factual explanation as to the ultimate facts relied upon, has some talismanic significance that excuses a fair explanation as to what they are referring to. Because the Fourth Affirmative Defense alleges no facts whatsoever, the Principals are unable to travel under this affirmative defense which fails to place Centennial on notice of the facts relied upon.

**Fifth Affirmative Defense**

In the Fifth Affirmative Defense, the Principals tersely assert that the claims within

Centennial's Crossclaim have been released, failing to explain any facts relied upon as to how Centennial has released its claims. Because the Fifth Affirmative Defense alleges no facts indicating Centennial has released its claims, the Fifth Affirmative Defense is insufficient to put Centennial on notice of what is being alleged.

**Sixth Affirmative Defense**

In the Sixth Affirmative Defense, the Principals tersely assert that Centennial's Crossclaim is barred because Centennial failed to satisfy a necessary condition precedent, without actually identifying the condition precedent. The Sixth Affirmative Defense plainly fails to place Centennial on notice of the facts relied upon by the Principals for this affirmative defense.

DATED this 6th day of April, 2026.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar No. 731013
janthony@anthonyandpartners.com
**ANDREW J. GHEKAS, ESQUIRE**
Florida Bar Number: 0119169
aghekas@anthonyandpartners.com
**CHARLES D. PRESTON, ESQUIRE**
Florida Bar Number: 1059243
cpreston@anthonyandpartners.com
**ANTHONY & PARTNERS, PLLC**
Telephone: (813) 273-5616
Facsimile: (813) 221-4113
Attorneys for Centennial

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of April, 2026, a true and correct copy of the foregoing has been served via electronic means and/or U.S. Mail on the following parties:

John D. Emmanuel, Esquire
john.emmanuel@bipc.com
Alexandra M. Dragovich, Esquire
alexandra.dragovich@bipc.com
Tim Palmer, Esquire
timothy.palmer@bipc.com
Buchanan Ingersoll & Rooney PC

Michael J. Roeschenthaler, Esq.
mroeschenthaler@raineslaw.com
Mark A. Lindsay, Esquire
mlindsay@raineslaw.com
Raines, Feldman, Littrell LLP
11 Stanwix Street, Suite 750
Pittsburgh, PA 15222

401 East Jackson Street, Suite 2400
Tampa, FL 33602
Counsel for Huntington

Frank P. Terzo, Esquire
frank.terzo@nelsonmullins.com
Mark Raymond, Esquire
mark.raymond@nelsonmullins.com
Nelson Mullins Broad and Cassel
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394

/s/ John A. Anthony
**ATTORNEY**