**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent,

Plaintiffs,

v.

R&R EXPRESS PROPERTIES, LLC; RICHARD S. FRANCIS; KATHLEEN L. FRANCIS; and CENTENNIAL BANK;

Defendants,
_______________________________________/

**CASE NO. 2026-CA-000170**

**CIVIL DIVISION**

**DEFENDANTS RICHARD S. FRANCIS & KATHLEEN L. FRANCIS'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT**

Defendants, RICHARD S. FRANCIS and KATHLEEN L. FRANCIS, by and through the undersigned counsel, reply in further support of their Motion to Dismiss Complaint (the "Motion to Dismiss") and state as follows:

## INTRODUCTORY STATEMENT

Plaintiffs' Opposition in Response to the Motion to Dismiss (the "Response") fails to rebut any of the reasons set forth in the Motion to Dismiss that the Complaint should be dismissed with prejudice. Huntington Individually[1] has a first position mortgage on the Subject Property and therefore cannot sue under UFTA. Huntington as Agent has a credit

[1] All capitalized terms are defined as stated in the Motion to Dismiss or as stated herein.

and security agreement (the "Security Agreement") with R&R and thirty-one other affiliated entities ("the Corporate Debt"). Compl. ¶ 8, Ex. A. Pursuant to the Security Agreement and its amendments,[2] Huntington as Agent has a security interest in substantially all of the assets of R&R and thirty-one affiliated entities but not in the Subject Property, which was specifically excluded as collateral. Given that the Subject Property is excluded as collateral for the Corporate Debt, the purchase of the Subject Property by the Homeowners could not have been fraudulent as a matter of law because Huntington as Agent could not reach the Subject Property to satisfy its claim prior to the Purchase.

## ARGUMENT

### I. Huntington Individually fails to state a claim for two independent reasons.

#### a. Huntington Individually is a fully secured creditor and accordingly, pursuant to *Kapila* cannot bring a claim as a matter of law.

In *Kapila v. CTS Equities Ltd. P'ship*, LSI Holdco, LLC ("Holdco") granted Texas Capital Bank ("TCB") a security interest in substantially all of its assets including its deposit accounts. 421 So. 3d 748, 751 (Fla. 2d DCA 2025). Holdco had deposit accounts with TCB. *Id.* Accordingly, TCB was fully secured with respect to the deposit accounts. Holdco transferred $2,640,144.00 from its deposit account at TCB to CTS Equities Limited Partnership. *Id.* The court held that as a matter of law such transfer could not constitute a fraudulent transfer because "asset" as defined in UFTA excluded property

[2] In their Verified Complaint, Plaintiffs omitted these amendments from their exhibits. Plaintiffs alleged that the Corporate Debt was secured by substantially all of the assets of R&R. This was a mischaracterization, which is contradicted by the amendments to the credit agreement that expressly excluded the Subject Property as collateral. Now in Plaintiffs' Response, they concede that the Subject Property was excluded as collateral for the Corporate Debt.

"encumbered by a valid lien." *Id.*, at 752. In other words, a fully secured creditor cannot bring a claim under UFTA because its claim is for the amount of the lien, which remains fully secured by the transferred property.

In this instance, there are factual similarities. R&R granted Huntington Individually a first position mortgage on the Subject Property. Compl. ¶ 13–14. In the Complaint, Plaintiffs assert that the value of the Subject Property is $10.4 million. *Id.* Accordingly, Huntington Individually is fully secured given that the alleged value of the Subject Property exceeds their lien. Pursuant to *Kapila*, therefore, Huntington Individually fails to state a claim as a matter of law because Huntington Individually is fully secured. This interpretation makes sense. Florida is a lien theory state, meaning that a mortgage remains on real property when title passes if the mortgage is not satisfied. *See* Fla. Stat. § 697.02. Accordingly, Huntington Individually cannot state a cause of action under the UFTA because its mortgage remains on the Subject Property, and it is fully secured.

**b. Alternatively, Huntington Individually is not a "creditor."**

Plaintiffs further argue that Huntington Individually has standing to assert a claim under UFTA because it is a "creditor" as defined in UFTA. "Creditor" is defined as "a person who has a claim." Fla. Stat. § 726.102(5). Further, "[c]laim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Fla. Stat. § 726.102(4). In the Response, Plaintiffs do not deny that Huntington Individually received sufficient funds to pay off the Huntington Mortgage

pursuant to a payoff letter issued by Huntington. Accordingly, given that Huntington Individually received sufficient funds to satisfy the Huntington Mortgage pursuant to a payoff letter it issued, Huntington Individually's "right to payment" was extinguished. Huntington Individually therefore is no longer a "creditor." What Huntington Individually did with that money after its Complaint was filed is irrelevant as to the inquiry of whether Huntington remains a creditor given that the money was paid pursuant to the payoff letter issued by Huntington. Thus, Huntington Individually fails to state a cause of action under the UFTA.

**II. Huntington as Agent is not an unsecured creditor.**

In the Response, Plaintiffs allege that Huntington as Agent in addition to being a secured creditor is an unsecured creditor. However, in the Complaint, Plaintiffs only allege that Huntington as Agent is a secured creditor. Compl. ¶ 12. Nowhere in the Complaint is there an allegation that Huntington as Agent is an unsecured creditor. Further, any assertion that Huntington as Agent is an unsecured creditor cannot be gleaned from the four corners of the complaint and therefore should fail as a matter of law. Huntington as Agent's claim against R&R is a secured claim based on the Corporate Debt in which thirty-one affiliated entities, as co-borrowers with R&R, pledged substantially all of their assets as demonstrated in the Security Agreement and its amendments thereto.[3] *See* Compl., ¶ 12, Ex. A. Huntington as Agent has no final judgment nor a deficiency judgment. Accordingly, without a judgment, Huntington as

---

[3] However, amendments to the Security Agreement specifically excluded the Subject Property as collateral.

Agent is only a secured creditor. *See Chrestensen v. Eurogest, Inc.*, 906 So. 2d 343, 345 (Fla. 4th DCA 2005) ("Before a cause of action for deficiency can accrue, there must be final judgment of foreclosure and a sale of the assets to be applied to the satisfaction of the judgment").

### III. Although Huntington as Agent is a secured creditor of R&R and thirty-one other affiliated entities, it still cannot assert that the Purchase of the Subject Property was fraudulent because the Subject Property was excluded as collateral from the pertinent loan documents.

In the Response, Plaintiffs now concede that the Subject Property is excluded as collateral for the Corporate Debt. Florida has a longstanding rule that "a creditor cannot challenge a conveyance as fraudulent when it could not have reached the subject property had it not been conveyed." *Kapila*, 421 So. 3d at 754 (quoting *Branch Banking & Tr. Co. v. Cohen*, Case No. 8:13-cv-3215-T-24AEP, 2014 WL 12783284, *5 (M.D. Fla. June 9, 2014)). Since Plaintiffs now concede that the Subject Property was excluded as collateral for the Corporate Debt, Huntington as Agent could not reach the Subject Property prior to the Purchase of the Subject Property by the Homeowners. Accordingly, the Purchase of the Subject Property by the Homeowners could not as a matter of law be fraudulent because Huntington as Agent could not have reached the Subject Property to satisfy its claim given the exclusion of the Subject Property as collateral from the loan documents.

## <u>CONCLUSION</u>

In sum, the Motion to Dismiss should be granted. Plaintiffs' Response fails to rebut the several pleading defects raised by the Homeowners which warrant dismissal. Moreover, the Response actually concedes many of the points raised in the Motion to

Dismiss, particularly the express exclusion of the Subject Property in the amendments to the Security Agreement, which Plaintiffs inexplicably omitted from the exhibits to the Verified Complaint. Ultimately, the Complaint should be dismissed with prejudice for failure to state a claim upon which relief could be granted.

Dated this 5th day of May, 2026.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP
*Attorneys for Defendants Richard & Kathleen Francis*

By: */s/ Frank P. Terzo*

Frank P. Terzo, Esq. | Fla. Bar No. 906263
Frank.Terzo@nelsonmullins.com
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Tel: 954.745.5231 | Fax: 954.761.8135

Andre Festekjian, Esq. | Fla. Bar No. 1059346
Andre.Festekjian@nelsonmullins.com
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Tel: 305.373.9499 | Fax: 305.373.9443

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal, which will send electronic notification to all counsel of record and interested parties pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516.

By: *_/s/ Frank P. Terzo_*
Frank P. Terzo, Esq.
Florida Bar No. 906263