Filing # 249203734 E-Filed 05/29/2026 10:42:12 AM

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent,

Plaintiffs,

v.

Case No.: 11-2026-CA-000170-00001-01

R&R EXPRESS PROPERTIES, LLC, RICHARD S. FRANCIS, KATHLEEN L. FRANCIS, and CENTENNIAL BANK,

Defendants.
_______________________________________/

**AGREED MOTION TO ENTER A CONFIDENTIALITY ORDER**

Pursuant to Florida Rule of Civil Procedure 1.280, the Parties to this Action, The Huntington National Bank, as lender, and The Huntington National Bank, as Administrative Agent and Collateral Agent (collectively, "Plaintiffs"); with the consent of R&R Express Properties, LLC ("R&R); Richard S. Francis and Kathleen L. Francis (collectively, the "Francises"); and Centennial Bank ("Centennial"), hereby move this Honorable Court to enter a Confidentiality Order and in support thereof state as follows:

1. Plaintiffs have asserted two counts of fraudulent transfer against R&R and the Francises under Fla. Stat. § 726.105(1)(a) and § 726.105(1)(b).

2. In discovery, the Parties anticipate producing confidential documents. In preparation for document productions, the Parties have entered the Stipulation Governing the Handling of Confidential Documents and Information ("Confidentiality Stipulation") attached hereto as **Exhibit "A."**

FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK, 05/29/2026 10:42:12 AM

3. The Parties request this Honorable Court to enter the (Proposed) Confidentiality Order attached as **Exhibit "B"** which: (1) adopts and orders the Parties to abide by their Confidentiality Stipulation; and (2) affirms the Court's jurisdiction to enforce the Confidentiality Stipulation and impose sanctions for violations of the Confidentiality Stipulation.

WHEREFORE, the Parties hereby move this Honorable Court to enter their Proposed Confidentiality Order attached hereto as **Exhibit "B."**

**Fla. R. Civ. P. 1.202(b) Certificate of Conferral**

Prior to filing this Motion, the Parties to this Action conferred with one another regarding the relief requested and all the Parties to this Action agree to the relief requested in this Motion.

DATED this 29th day of May, 2026.

/s/ John D. Emmanuel
**JOHN D. EMMANUEL, ESQUIRE**
john.emmanuel@bipc.com
**ALEXANDRA M. DRAGOVICH, ESQUIRE**
alexandra.dragovich@bipc.com
**TIM PALMER, ESQUIRE**
timothy.palmer@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
401 East Jackson Street, Suite 2400
Tampa, FL 33602
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 29, 2026 pursuant to Florida Rules of Judicial Administration, Rule 2.516, I electronically filed the foregoing Request for Production with the Clerk of Court by using the Florida Court E-Portal Filing System.

/s/ John D. Emmanuel______________
John D. Emmanuel
FBN: 475572

# Exhibit "A"

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent,

Plaintiffs,

v.

Case No.: 11-2026-CA-000170-00001-01

R&R EXPRESS PROPERTIES, LLC, RICHARD S. FRANCIS, KATHLEEN L. FRANCIS, and CENTENNIAL BANK,

Defendants.

______________________________________/

**STIPULATION GOVERNING THE HANDLING OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

Pursuant to Florida Rule of Civil Procedure 1.280, this Stipulation is entered into by counsel for Plaintiffs, The Huntington National Bank, as lender, and The Huntington National Bank, as Administrative Agent and Collateral Agent (collectively, "HNB"); Defendant, R&R Express Properties, LLC ("R&R"); Defendants Richard S. Francis and Kathleen L. Francis (collectively, the "Francises"); and Defendant, Centennial Bank ("Centennial") (hereinafter referred to each as a "party" and collectively as the "parties").

**THE PARTIES HEREBY AGREE AND STIPULATE** that the following rules and procedures will apply to any and all documents, deposition testimony, and other information produced, given, or disclosed through discovery in this action ("Discovery") to be exchanged among and between the parties:

1. A party may designate as "Confidential" any portion of Discovery produced or disclosed by, or on behalf of, such party that the producing party believes in good faith is subject to protection under Rule 1.280(d)(7) of the Florida Rules of Civil Procedure. Such confidential information may include but is not limited to trade secret(s), research and development information, commercial information, and other confidential information to which the producing party has a reasonable expectation of privacy in ("Confidential Information").

2. A party may designate as "Confidential—Counsel Only" any portion of the Confidential Information produced or disclosed by or on behalf of such party that the producing party believes in good faith constitutes highly sensitive material, which if known to any other party(s) would pose a threat of irreparable harm to the producing party ("Confidential—Counsel Only Information").

3. **All discovery shall only be used for purposes of this litigation and shall not be used for any business, competitive, or non-litigation purposes. By entering into this Stipulation, the parties agree they will not provide any document, information, or other discovery to any third-party unless authorized to do so by the producing party or by order of the Court, except that such prohibition shall not prevent any party from sharing any document, information, or other discovery with a consulting or testifying expert retained for purposes of this lawsuit.** Nothing in this Stipulation prohibits the parties from disclosing any "Confidential" or "Confidential – Counsel Only" information if required by applicable law or regulation, although the production of those documents remain governed by the terms herein. Further, should a party be allowed to provide Confidential Information to a third-party, the parties agree that before such information is provided, the third-party must execute an agreement substantially in the form of Exhibit A which is attached hereto and signifies the third-party's agreement to be bound by the terms of this Stipulation and to be subject to the jurisdiction of the Court in all matters relating to this Stipulation.

4. With respect to documents, interrogatory answers, or other information produced or provided by the producing party in written form, such designation shall consist of the words "Confidential," or "Confidential—Counsel Only" (or a substantially similar legend, such as "Confidential— Attorneys Only," "Counsel Only," or "Attorneys Only") marked on documents or other materials produced or provided as part of the Discovery; if the Discovery material cannot be so labeled, it will be designated by other marking and produced with a letter that identifies such material as Confidential.

5. Any party wishing to designate as "Confidential" or "Confidential—Counsel Only" any deposition testimony or document submitted as an exhibit to a deposition may do so on the record during the deposition. Alternative, within thirty (30) days after receipt of the transcript or recording of such deposition, the offering or sponsoring party may designate such transcript or recording or any portion or portions thereof as "Confidential" or "Confidential—Counsel Only" by notifying all other Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as Confidential Information or Confidential—Counsel Only Information. The designating party shall designate only those portions of the testimony or document which disclose Confidential Information, or Confidential—Counsel Only Information as described above. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as "Confidential," or "Confidential—Counsel Only" are marked as such and are appropriately bound or otherwise identified by the reporter. All transcripts or recordings of depositions shall be treated as "Confidential—Counsel Only" for thirty (30) days after receipt of the transcript or recording or until written notice of a designation is received, whichever occurs first.

6. A party who disagrees with another party's "Confidential," or "Confidential—Counsel Only" designation must nevertheless abide by the same until the matter is resolved by agreement or by order of the Court.

7. Inadvertent failure to designate Discovery as "Confidential," or "Confidential—Counsel Only" at the time of production or disclosure shall not operate to waive a party's right to

later designate such Discovery as "Confidential," or "Confidential—Counsel Only," provided that no party shall be held in breach of this Stipulation if, in the interim, such Discovery has been disclosed to any person(s) not authorized to receive Confidential Information under this Stipulation, or has been used in a manner inconsistent with this Stipulation. Subject to the foregoing provisions, any "Confidential," or "Confidential—Counsel Only" designation that is inadvertently omitted during the production of Discovery may be corrected by written notice to opposing counsel and produce substitute copies of the inadvertently produced Discovery with the correct designation. Once such a belated designation has been made, the relevant Discovery shall be treated in accordance with this Stipulation. The receiving party shall thereafter treat the Discovery as Confidential Information or Confidential—Counsel Only Information and shall take reasonable steps to return or destroy all prior copies of such inadvertently produced Discovery. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Information or Confidential—Counsel Only Information under the terms of this Stipulation, the receiving party shall make reasonable efforts to retrieve the Discovery promptly and to avoid any further disclosure.

8. Any party may object to the designation of Discovery material as "Confidential," or "Confidential— Counsel Only" by giving written notice to the party making the designation. Such notice shall identify with specificity the Discovery to which the objection is directed and the basis for the objection. Following any such objection, counsel for the parties shall attempt to resolve the dispute over the confidential designation. If counsel for the parties are unable to resolve the dispute, any party may bring the dispute to the attention of the Court for resolution, as appropriate. The parties shall keep the designated Discovery confidential pending resolution by the parties or by the Court. The party making the confidential designation shall have the burden of proving that the challenged Discovery is entitled to the protection of the particular designation of "Confidential," or "Confidential—Counsel Only."

9. Information designated "Confidential" and produced by a party shall be made available, in the first instance, only to the attorneys for the parties; persons employed by such attorneys assisting them in this action; the Court and its personnel; court reporters and videographers employed by any party to record depositions in this action; and the parties to this action, including the officers, directors, and employees of those parties, but only to the extent reasonably necessary to aid counsel in the prosecution and defense of the claims in this action, provided that prior to the disclosure to any such party, officer, director, or employee, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation to such person, shall explain its terms to such person, and shall instruct such person to comply with its terms. Information designated "Confidential" may also be made available to independent experts, consultants, mediators, or witnesses expected to testify at trial or deposition, or any other person who counsel for the disclosing party agrees, after conferring in good faith, should have access to Confidential Information, or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access, in accordance with, and subject to, the provisions of paragraph 12 of this Stipulation.

10. Confidential—Counsel Only Information produced by a party shall be made available, in the first instance, only to the outside attorneys for the parties; persons employed by such attorneys assisting them in this action; in-house counsel for the corporate parties; the Court and its personnel; and court reporters and videographers employed by any party to record depositions in this action. Such documents may not be made available to the parties themselves. Confidential—Counsel Only Information may also be made available to independent experts, consultants, or any other person in accordance with, and subject to, the provisions of paragraph 12 of this Stipulation.

11. Each party shall maintain a list of those persons to whom "Confidential," or "Confidential—Counsel Only" information has been provided, which list shall contain the names, addresses, and telephone numbers of persons to whom disclosure of such information has been made. This list need not contain the names of attorneys employed by Buchanan Ingersoll & Rooney, PC, Raines Feldman Littrell, LLP, Nelson Mullins Riley & Scarborough, LLP, and Anthony & Partners, PLLC, or persons regularly employed by those law firms who are assisting them in this action or any court reporters or videographers employed by any party to record depositions in this action. This list shall be maintained on a current basis.

12. Unless the Court, for good cause shown, rules otherwise, "Confidential," or "Confidential—Counsel Only" information may be revealed to any independent experts or consultants retained by any party in connection with this proceeding, persons regularly employed by such experts or consultants assisting them in this action, and, with the advance written consent of all parties, to any other person, provided that each person to whom disclosure is made under this paragraph shall execute a document substantially in the form annexed hereto as Exhibit A, thereby signifying agreement to be bound by the terms of this Stipulation and to be subject to the jurisdiction of the Court in all matters relating to this Stipulation.

13. Confidential Information, or Confidential—Counsel Only Information may be used and disclosed by any party in any trial, hearing, or other court proceeding in connection with this litigation, provided that, absent an agreement by the parties, the party that produced such Confidential Information, or Confidential—Counsel Only Information may move to designate any transcript obtained from such trial, hearing, or other court proceeding as "Confidential," or "Confidential—Counsel Only" within twenty (20) days from the trial, hearing, or other court proceeding. A party that seeks to use such Confidential Information, or Confidential—Counsel Only Information at trial, hearing, or other court proceeding will notify counsel for the providing party at least five (5) days prior to the trial, hearing, or other court proceedings.

14. Documents comprising, quoting from or disclosing the contents or substance of Confidential Information, and Confidential—Counsel Only Information subject to the terms of this Stipulation may be filed only upon obtaining Court approval for the filing of the information under seal. If documents containing Confidential Information are to be filed with the Court, the filing Party shall provide reasonable notice to the party that has designated the material as confidential of its intent to do so. The parties shall then confer to determine whether the confidential nature of the information can be adequately protected

through the use of some less restrictive measure than filing that information under seal, such as redaction. If no such agreement can be reached prior to the filing deadline, whether due to time constraints or differing contentions between the parties, such information must be provisionally filed under seal so that the designating party can move for the Confidential Information to be sealed upon the record in compliance with this Court's procedures regarding sensitive information and public access to electronic case files.

15. No party shall file a document under seal unless the Court previously granted a motion to file under seal which was submitted to the Court in compliance with all applicable Florida and Local Rules.

16. If a party (the "Filing Party") intends that Confidential Information produced by another party or a non-party will be attached to an affidavit, declaration, motion, or pleading or otherwise filed with the Court, the following procedures shall be followed:

(a) Upon filing an affidavit, declaration, motion, pleading, or other paper, the Filing Party shall identify any attachments containing Confidential Information by publicly filing slip sheets indicating that the documents contain "Confidential," or "Confidential—Counsel Only" information.

(b) The Filing Party shall no later than seven (7) days before the date of filing ("Filing Date") notify the Producing Party of the "Confidential," or "Confidential—Counsel Only" information to be filed and provide the Producing Party with the item(s) intended to be filed (the "Notice of Intent to File Confidential Information").

(c) Within ten days of receiving the Notice of Intent to File Confidential Information, the Producing Party shall electronically file a Motion to Seal the Confidential Material identified in the Notice of Intent to File Confidential Information that complies with Florida Rules. Upon the entry of an order ruling upon a Motion to Seal, (i) if the motion is granted, the Filing Party shall file unredacted versions of the Confidential Material with the Court under seal; or (ii) if the motion is denied, the Filing Party shall electronically file unredacted versions of the Confidential Material. The burden of showing good cause for filing documents under seal remains with the Producing Party.

(d) If the Producing Party does not move to file the documents designated Confidential under seal within Ten (10) days of the notice described above, then the party seeking to file such documents may file as if the documents had not been designated Confidential under this agreement.

17. Documents designated "Confidential", "Confidential—Counsel Only", or any information contained therein, shall not be submitted to any open Generative AI tool (i.e., ChatGTP) or any substantially similar tool that is available to the public. Providing such information to an open tool is considered disclosure to a third party. The obligations and restrictions of this paragraph apply even where the data or the documents or information has been anonymized."

18. In the event documents claimed to be privileged or subject to the work product doctrine are inadvertently produced in this action, such documents shall be returned by the receiving parties to the producing party within five (5) days of any written request therefor, unless the receiving parties challenge the privileged nature of the document(s), in which case the producing party shall be entitled to make an application to the Court for the return of the document(s). While such application is pending, the receiving parties shall not use or divulge the contents of such document(s), except to the Court under seal. If the receiving party has provided the documents to another person(s) or entity(ies) before receiving a written request for the return of such documents, the receiving party must take reasonable steps to retrieve the documents, and, if requested by the producing party, must identify such person(s) or entity(ies). The inadvertent production of any document claimed to be privileged or subject to the work product doctrine shall not constitute a waiver of such privilege or protection, provided that the party asserting the claim of privilege or protection shall have the burden of proving the inadvertence of the document's production, as well as all other elements required to establish its claim of privilege or protection. Nothing in this paragraph shall be construed to affect counsel's ethical obligations upon receipt of a document relating to the representation of the opposing party that the lawyer knows or reasonably should know was inadvertently sent, nor shall it be construed to enlarge the attorney-client privilege or work product protection, and the parties remain free to challenge the propriety of any claimed privilege or protection.

19. All provisions of this Stipulation restricting the use of Discovery shall continue to be binding after the conclusion of this Action unless otherwise agreed or ordered by the Court. Within thirty (30) days of the conclusion of this Action (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise, and where the time for any further appeals has expired), all Parties in receipt of Discovery in the Action shall make commercially reasonable efforts to either: (1) return such materials and copies thereof to the disclosing party; (2) destroy such materials and certify that fact; or (3) file a motion with the Court seeking an order upon good cause shown that documents should not be returned or destroyed, unless applicable law and regulations prohibit any party from destroying or returning such materials. Backup storage media will not be restored for purposes of returning or certifying destruction of Discovery, but such retained information shall continue to be treated in accordance with the Stipulation. Counsel of record shall also be permitted to keep a copy of Discovery to the extent that it is incorporated into any pleadings, motions, or other work product. In that case, counsel of record shall continue to treat the Discovery in accordance with this Stipulation. Upon request, counsel of record shall certify in writing that they have complied with this section.

**SO STIPULATED:**

By: *<u>/s/ John D. Emmanuel</u>*

John D. Emmanuel
Florida Bar No. 475572
john.emmanuel@bipc.com
Buchanan Ingersoll & Rooney PC

401 East Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 222-8180
*Attorney for Plaintiffs The Huntington National Bank, as lender, and The Huntington National Bank, as Administrative Agent and Collateral Agent*

By: /s/ Thomas J. Francella Jr.__________________
Thomas J. Francella Jr.
Florida Bar No. 37479
tfrancella@raineslaw.com
Raines Feldman Littrell
433 Plaza Real Ste 275
Miener Corp Center
Boca Raton, FL 33432
Tel: (302) 772-5805
*Attorney for Defendant R&R Express Properties, LLC*

By: /s/ Rebecca A. Rodriguez
Rebecca A. Rodriguez
Florida Bar No. 104805
Rebecca.Rodriguez@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Tel: (954) 745-5264
*Attorney for Defendants Richard S. Francis & Kathleen L. Francis*

By: /s/ John A. Anthony____________________
John A. Anthony
Florida Bar No. 731013
janthony@anthonyandpartners.com
Anthony & Partners, PLLC
100 Ashley Dr S Suite 1600
Tampa, FL 33602
Tel: (813) 273-5616
*Attorney for Defendant Centennial Bank*

# **EXHIBIT A**

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent,

Plaintiffs,

Case No.: 11-2026-CA-000170-00001-01

v.

R&R EXPRESS PROPERTIES, LLC, RICHARD S. FRANCIS, KATHLEEN L. FRANCIS, and CENTENNIAL BANK,

Defendants.
________________________________________/

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION**

I, ____________________ , certify I have been provided a copy of the Stipulation Governing the Handling of Confidential Documents and Information ("Confidentiality Stipulation") regarding in the above-captioned lawsuit. I have read the Confidentiality Stipulation, and I agree to be bound by its provisions as a condition of receiving certain confidential information, which has been identified to me. **I agree not to make use of this confidential information for any purpose other than my role in this lawsuit.** I consent to being subject to the continuing jurisdiction of the Circuit Court for the Twentieth Judicial Circuit of Florida in regard to all matters relating to the Confidentiality Stipulation, including, without limitation, the enforcement of the Confidentiality Stipulation.

DATED: __________ SIGNED: ________________________

PRINTED NAME: ________________

# Exhibit "B"

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent,

Plaintiffs,

Case No.: 11-2026-CA-000170-00001-01

v.

R&R EXPRESS PROPERTIES, LLC, RICHARD S. FRANCIS, KATHLEEN L. FRANCIS, and CENTENNIAL BANK,

Defendants.
_______________________________________/

**(PROPOSED) CONFIDENTIALITY ORDER**

**THIS CAUSE** came before the Court for consideration of the Parties' Joint Agreed Motion for Entry of a Confidentiality Order ("Agreed Motion"), and the Court having reviewed the Parties' Stipulation Governing the Handling of Confidential Documents and Information (the "Stipulation"), it is **HEREBY ORDERED** that:

1. The Agreed Motion is granted, and the Parties' Stipulation is hereby approved.

2. The Parties shall fully comply with all of the provisions of the Stipulation.

3. This Court retains jurisdiction to enforce the Parties' Stipulation and retains jurisdiction to impose sanctions on the Parties and any third parties who agree to be bound by the Parties' Stipulation.

DONE AND ORDERED in Collier County, Florida this ____ day of May, 2026.

_______________________________________
Hon. Lauren Brodie
Circuit Court Judge

Copies to: Counsel of Record