**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender,
and THE HUNTINGTON NATIONAL BANK,
as Administrative Agent and Collateral Agent,

CASE NO: 11-2026-CA-000170-0001-01

Plaintiffs,

vs.

R&R EXPRESS PROPERTIES, LLC,
RICHARD S. FRANCIS, KATHLEEN
L. FRANCIS, and CENTENNIAL BANK

Defendants.
_______________________________________/

**DEFENDANT R&R EXPRESS PROPERTIES, LLC ANSWER**
**AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant R&R Express Properties, LLC ("R&R" or "Answering Defendant"), hereby files its Answer to Plaintiffs The Huntington National Bank, as lender, ("Bank") and The Huntington National Bank, as administrative agent and collateral agent ("Agent", and together with Bank, the "Plaintiffs") Complaint (the "Complaint")[1] and in support thereof state as follows:

**ANSWER**

1. R&R admits only that the Complaint alleges a claim for fraudulent transfer pursuant to Section 726.105 of the Florida Status and seeks damages in excess of $50,000.00. R&R denies all liability for such claims.

2. R&R admits the allegations in this paragraph for jurisdictional purposes only.

3. Admitted.

4. Admitted.

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Complaint.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted in part and denied in part. R&R denies the document attached as Exhibit A to the Complaint represents the entire agreement between the Lenders and the Borrowers as amended, which amendments materially change the substance of the Second Amended and Restated Credit and Security Agreement dated March 18, 2022. The remaining allegations are admitted.

9. The allegations of paragraph 9 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

10. The allegations of paragraph 10 of the Complaint refer to written documents, the contents of which speak for themselves.

11. The allegations of paragraph 11 of the Complaint are evidenced by written documentation, the contents of which speak for themselves.

12. The allegations of paragraph 12 of the Complaint refer to written documents, the contents of which speak for themselves. By way of further response, the allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

13. The allegations of paragraph 13 of the Complaint refer to written documents, the contents of which speak for themselves. To the extent a further response is required, admitted in part and denied in part. R&R admits the Bank issued a mortgage loan (the FL Loan), secured by the Property. R&R is without information and knowledge sufficient to admit or deny the

allegations that the property was previously appraised at $10.4, and therefore it is denied. By way of further response, R&R has never received a copy of the alleged appraisal.

14. R&R admits only that the documents attached to the Complaint as Exhibit B and C appear to be true and correct copies of the documents referenced.

15. Admitted in part and denied in part. R&R admits it and its affiliates are in the logistics industry. The remaining allegations are denied.

16. Denied.

17. Admitted in part and denied in part. R&R admits it engaged G2 Capital Advisors in or about November 2025. The remaining allegations are denied.

18. The allegations of paragraph 18 of the Complaint refer to written documents, the contents of which speak for themselves. To the extent a further response is required, denied.

19. R&R admits the Plaintiffs engaged a financial advisor. R&R is without information and knowledge sufficient to admit or deny the remaining allegations of paragraph 19, therefore they are denied.

20. Denied.

21. Admitted in part and denied in part. R&R admits only that the document attached to the Complaint as Exhibit D appears to be a true and correct copy of the documents referenced. All remaining allegations are denied. By way of further response, the Bank had actual knowledge of the transaction before closing, and provided payoff information necessary to complete the transaction and pay off the FL Loan in full. Moreover, the FL Loan documents expressly permit R&R to pay off the FL Loan in its discretion and do not require the Bank's consent to a payoff of the FL Loan in full. Further, the FL Loan documents permit R&R to convey the Property upon payoff of the FL Loan.

22. Admitted in part and denied in part. R&R admits only that the documents attached to the Complaint as Exhibit E and F, appear to be true and correct copies of the documents referenced. The remaining allegations of paragraph 13 of the Complaint refer to written documents, the contents of which speak for themselves. To the extent a further response is required, denied.

23. Admitted in part and denied in part. R&R admits Centennial was provided notice of the mortgage on the Property. R&R is without information and knowledge sufficient to admit or deny the remaining allegations of paragraph 23, therefore they are denied.

24. Denied as stated. By way of further response, pursuant to the December 18, 2025, payoff statement provided by the Bank to R&R the current balance of the FL Loan on that date was $5,268,792.08.

25. The allegations of paragraph 25 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

26. R&R is without information and knowledge sufficient to admit or deny the remaining allegations of paragraph 19, therefore they are denied. By way of further response, R&R denies any inference, explicit or otherwise, that the Operating Loans were in any way secured by the Property.

27. Admitted in part and denied in part. R&R admits it was aware that a wire transfer in the amount of $5,279,776.20 representing the payoff amount of the FL Loan was sent to the Plaintiffs on or about the time stated. The remaining allegations are denied.

28. Denied.

29. The allegations of paragraph 29 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

30. Denied.

**COUNT I – DENIED**

31. Paragraph 31 is an incorporation paragraph to which no response is required.

32. The allegations of paragraph 32 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

33. Admitted in part and denied in part. R&R admits title to the Property was transferred from R&R to R. Francis and K. Francis on December 29, 2025. The remaining allegations of paragraph 33 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

34. The allegations of paragraph 34 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

35. The allegations of paragraph 35 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

36. The allegations of paragraph 36 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

37. The allegations of paragraph 37 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

**COUNT II - DENIED**

38. Paragraph 38 is an incorporation paragraph to which no response is required.

39. The allegations of paragraph 39 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

40. Admitted in part and denied in part. R&R admits title to the Property was transferred from R&R to R. Francis and K. Francis on December 29, 2025. The remaining

allegations of paragraph 40 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

41. The allegations of paragraph 41 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

42. The allegations of paragraph 42 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

43. The allegations of paragraph 43 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, denied.

## **AFFIRMATIVE DEFENSES**

Pursuant to Florida Rule of Civil Procedure 1.110(d), R&R alleges the following affirmative defenses to the causes of action set forth in the Complaint:

### **Affirmative Defense One Failure to State a Claim**

The Complaint fails to state a cause of action upon which relief may be granted. The Complaint alleges that Plaintiffs received payment sufficient to satisfy the FL Loan secured by the Property but fails to identify any provision of any governing loan documents that prohibited the transfer of the Property and fails to identify any provision of any governing loan document that provided that the Property collateralized any loan other than the FL Loan. Further, the Complaint fails to allege facts sufficient to establish that R&R did not receive reasonably equivalent value for the transfer, that Plaintiffs suffered legally cognizable damages as a result of the transfer, or that R&R acted with the intent required to support the claims asserted. Accordingly, the Complaint fails to state a claim for relief.

**Affirmative Defense Two Payment and Satisfaction**

Plaintiffs' claims are barred, in whole or in part, because the FL Loan secured by the Property that was the subject of the Transfer was paid in full to Plaintiffs from the proceeds of the transaction thereby satisfying the FL Loan indebtedness.

**Affirmative Defense Three Waiver**

Prior to the closing and transfer of the Property on December 18, 2025, Plaintiffs furnished payoff statements for the FL Loan secured by the Property in the amount of $5,268,792.08 and participated in the payoff process. By providing payoff information, accepting the benefits of the transaction, receiving the payoff funds, and otherwise participating in the closing process, Plaintiffs waived any claim that the transfer was improper or that the transaction constituted a fraudulent transfer.

**Affirmative Defense Four Estoppel**

Plaintiffs provided payoff figures and induced the parties to proceed with the transaction. R&R relied upon Plaintiffs' conduct in completing the transaction, transferring title, and funding the payoff. Having induced R&R's reliance, Plaintiffs are estopped from asserting claims inconsistent with their prior conduct.

**Affirmative Defense Five Reasonably Equivalent Value**

The Transfer was supported by reasonably equivalent value within the meaning of Chapter 726, Florida Statutes. Among other things, the transaction resulted in the satisfaction of indebtedness secured by the Property in full and the payment of amounts due to Plaintiffs under the FL Loan.

**Affirmative Defense Six No Damages**

Plaintiffs have suffered no damages arising from the transfer because Plaintiffs received the benefit of the payoff transaction and were tendered funds sufficient to fully satisfy the FL Loan secured by the Property.

**Affirmative Defense Seven Failure to Mitigate**

If Plaintiffs suffered any damages, which are denied, such damages were caused or increased by Plaintiffs' own conduct, including their refusal to apply payoff funds tendered in satisfaction of the FL Loan and their failure to take reasonable steps to mitigate any alleged loss.

**WHEREFORE,** Defendant R&R Express Properties, LLC, respectfully requests the Court to enter judgment in its favor and against Plaintiffs, and such other relief as this Court deems just and proper.

Respectfully submitted,

**RAINES FELDMAN LITTRELL LLP**

*/s/ Thomas J. Francella, Jr.*
Thomas J. Francella, Jr.
Florida Bar No. 37479
433 Plaza Real, Suite 275
Boca Raton, FL 33432
T: (302) 772-5805
TFrancella@Raineslaw.com

*Counsel to Defendant R&R Express Properties, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 12, 2026, a true and correct copy of the foregoing was filed using the Clerk of Court's E-Filing Portal which will send a notice of electronic filing of the same to all Parties and counsel of record, and to Counsel for Plaintiffs at the address below.

John D. Emmanuel
Alexandra M. Dragovich
Buchanan Ingersoll & Rooney PC
400 East Jackson Street; Ste 240
Tampa, FL 33602.
*Counsel for Plaintiffs*

By: *<u>/s/ Thomas J. Francella</u>*
Thomas J. Francella, Esq.