Filing # 256549241 E-Filed 09/08/2026 11:10:39 AM

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent,

Plaintiffs,

v.

R&R EXPRESS PROPERTIES, LLC; RICHARD S. FRANCIS; KATHLEEN L. FRANCIS; and CENTENNIAL BANK;

Defendants,
_______________________________________/

**CASE NO. 2026-CA-000170**

**CIVIL DIVISION**

**DEFENDANTS RICHARD S. FRANCIS & KATHLEEN L. FRANCIS'S**
**MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, RICHARD S. FRANCIS and KATHLEEN L. FRANCIS (collectively, the "Homeowners"), by and through the undersigned counsel, file their Motion for Leave to Amend Answer and Affirmative Defenses (the "Motion"). In support thereof, the Homeowners state as follows:

1. On January 23, 2026, Plaintiffs filed their Complaint against the Homeowners.

2. The Complaint alleges two counts under the Florida Statutes ("UFTA") for an alleged fraudulent transfer of real property located at 550 S. Barfield Drive, Marco Island, Florida 34145 (the "Home").

FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK, 09/08/2026 11:10:39 AM

3. On March 25, 2026, the Homeowners moved to dismiss the complaint, which the Court denied by order dated May 13, 2026.

4. On June 12, 2026, the Homeowners filed their Answer, Affirmative Defenses, & Counterclaims (the "Answer and Affirmative Defenses").

5. Pursuant to Fla. R. Civ. P. 1.190, the Homeowners now seek to amend their Answer and Affirmative Defenses to include one additional affirmative defense on the basis of the Home being the Homeowners constitutionally exempt homestead.

6. "Leave of court shall be given freely when justice so requires." Fla. R. Civ. P. 1.190(a). "Public policy favors liberal amendment of pleadings, and courts should resolve all doubts in favor of allowing the amendment of pleadings to allow cases to be decided on the merits." *Laurencio v. Deutsche Bank Nat'l Trust Co.*, 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011). "Courts should be especially liberal when leave to amend 'is sought at or before hearing on a motion for summary judgment.'" *Id.* (quoting *Gate Lands Co. v. Old Ponte Vedra Beach Condo.*, 715 So. 2d 1132, 1135 (Fla. 5th DCA 1998)).

7. "A trial court's refusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the amendment would be futile." *Id.*; *see also Drish v. Bos*, 298 So. 3d 722, 724 (Fla. 2d DCA 2020). "Absent exceptional circumstances, motions for leave to amend should be granted, and refusal to do so constitutes an abuse of discretion." *Morgan v. Bank of N.Y. Mellon*, 200 So. 3d 792, 795 (Fla. 1st DCA 2016).

8. Here, Plaintiffs would not face prejudice due to an amendment. As a preliminary matter, Plaintiffs were on notice that the Homeowners contested the Plaintiffs' allegation in their Complaint that Richard and Kathleen Francis were part time residents of Florida. In the Answer and Affirmative Defenses, the Homeowners responded to that allegation, stating that they deny "any implication or innuendo that 'part time' residency in Collier County would negate [their] domiciliary in the State of Florida and entitlement to homestead protection." Accordingly, Plaintiffs have been aware that the Homeowners were claiming the Home as their homestead, and the additional affirmative defense simply puts a finer point that the Homeowners have Florida constitutional law to protect them against the alleged transfer.

9. Furthermore, discovery is still ongoing and does not close for more than a month from the date of this filing until October 12, 2026. No depositions have been conducted yet. The depositions of the Homeowners are not until September 24 and 25, 2026. Furthermore, no party has moved for summary judgment. The trial period is still months away. Plaintiffs have more than sufficient time to prepare to respond to this one additional affirmative defense in advance of trial.

10. Moreover, the privilege to amend has not been abused. This is the Homeowner's first request to amend their Answer and Affirmative Defenses.

11. Lastly, the amendment would not be futile. The Florida Supreme Court has held that "a homestead acquired by a debtor with the specific intent to hinder, delay, or defraud creditors is not excepted from the protection of article X, section 4." *Havoco of Am. v. Hill*, 790 So. 2d 1018, 1030 (Fla. 2001). Accordingly, the Florida Supreme Court

ruled that the Uniform Fraudulent Transfer Act, the statute that Plaintiffs rely on in bringing this action, has no effect on Florida's constitutional homestead exemption. *Id.* at 1029.

12. Applied here, given that the Homeowner's Home is their homestead, the addition of this affirmative defense would foreclose the relief Plaintiffs are seeking under UFTA. Accordingly, amendment would not be futile.

13. A copy of the Amended Answer and Affirmative Defenses is attached hereto as **Exhibit 1**.

**WHEREFORE**, Defendants, RICHARD S. FRANCIS and KATHLEEN L. FRANCIS, respectfully request this Honorable Court enter an Order granting their Motion, granting the Homeowners leave to file their Amended Answer and Affirmative Defenses in the form attached hereto as Exhibit 1, and for any other relief that is just and proper.

**Certificate of Good Faith Conferral**

Pursuant to Fla. R. Civ. P. 1.202, I certify that prior to filing this motion on September 4, 2026, I discussed the relief requested in the motion by email with Plaintiffs' counsel. On September 7, 2026, Plaintiffs informed me that they opposed the relief requested herein.

Dated this 8th day of September, 2026.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP
*Attorneys for Defendants*
*Richard Francis & Kathleen Francis*

By: */s/ Frank Terzo*
Frank P. Terzo, Esq. | Fla. Bar No. 906263
Frank.Terzo@nelsonmullins.com
100 S.E. 3rd Avenue, Suite 2700

Fort Lauderdale, FL 33394
Tel: 954.745.5231 | Fax: 954.761.8135

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal, which will send electronic notification to all counsel of record and interested parties pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516.

By: *<u>/s/ Frank Terzo</u>*
Frank Terzo

# EXHIBIT 1

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA**

THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent,

**CASE NO. 2026-CA-000170**

**CIVIL DIVISION**

Plaintiff/Counter-Defendant,

v.

R&R EXPRESS PROPERTIES, LLC; RICHARD S. FRANCIS; KATHLEEN L. FRANCIS; and CENTENNIAL BANK;

Defendants/Counter-Plaintiffs,

_____________________________________/

**DEFENDANTS RICHARD S. FRANCIS & KATHLEEN L. FRANCIS'S**
**AMENDED[1] ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, RICHARD S. FRANCIS and KATHLEEN L. FRANCIS (collectively, the "Homeowners"), hereby file their Amended Answer and Affirmative Defenses to the Complaint [Dkt. No. 03] filed by Plaintiff the Huntington National Bank, as lender, and as administrative agent and collateral agent (collectively, "Huntington") as follows:

**JURISDICTION & VENUE**

1. Admitted Huntington brings forth an attempted claim for fraudulent transfer relief. Denied that Huntington is entitled to the relief sought in its Complaint. Otherwise, denied.

2. Admitted for jurisdictional purposes only. Otherwise, denied.

**PARTIES**

---

[1] Defendants are amending their Answer and Affirmative Defenses to add one additional affirmative defense. This Amended Answer and Affirmative Defenses does not modify the counterclaims in Defendants Answer, Affirmative Defenses, & Counterclaims [Dkt. No. 142], which remain intact as articulated in that prior pleading.

3. Admitted.

4. Admitted.

5. Admitted that R. Francis owns residential properties in Pennsylvania and Collier County, Florida however denies that any implication or innuendo that “part time” residency in Collier County would negate his domiciliary in the State of Florida and entitlement to homestead protection.

6. Admitted that K. Francis owns residential properties in Pennsylvania and Collier County, Florida however denies that any implication or innuendo that “part time” residency in Collier County would negate her domiciliary in the State of Florida and entitlement to homestead protection.

7. Admitted.

**<u>GENERAL ALLEGATIONS</u>**

8. Admitted that Huntington and S&T Bank have ongoing loan agreements with R&R Express Properties, LLC (“R&R”) and other affiliated entities. Denied that the document attached to Huntington’s Verified Complaint is a true and correct copy of the complete Credit Agreement. The document attached to Huntington’s Verified Complaint is missing multiple signed subsequent amendments to the Credit Agreement. Otherwise, denied.

9. Without knowledge and therefore, denied. The Homeowners demand strict proof thereof.

10. The Credit Agreement is a written document and its terms speak for themselves. Accordingly, no admission or denial is required . To the extent the allegations in paragraph 10 contradict the plain language of the Credit Agreement and its amendments, they are denied. Otherwise, denied.

11. Without knowledge and therefore, denied. The Homeowners demand strict proof thereof.

12. The Credit Agreement is a written agreement and its terms speak for themselves. Accordingly, no admission or denial is required. To the extent the allegations in paragraph 12 contradict the plain language of the Credit Agreement and its amendments, they are denied. Denied that the Subject Property was an asset for the Credit Agreement, as it was expressly excluded by the parties, in writing, in the subsequent amendments to the Credit Agreement. Otherwise, denied.

13. Admitted that Huntington issued a mortgage loan to R&R in the amount of $6 Million USD encumbering the property located at 550 S. Barfield Drive, Marco Island, Florida 34145 (the "Subject Property"). Otherwise without knowledge and therefore, denied.

14. Admitted that there is a note dated June 21, 2023 and a Mortgage dated June 21, 2023. Without knowledge as to whether the copies attached to the Complaint are "true and correct" complete copies of those agreements and therefore, denied. Otherwise, denied.

15. The named defendant in this case, R&R, is not in the logistics industry, therefore as to R&R, denied. Admitted that R&R has affiliate organizations that conduct business in the logistics industry. Otherwise, denied.

16. Denied.

17. Admitted that R&R and other Borrowers hired G2 Capital Advisors to consult and prepare a financial analysis of going forward profitability. Denied that G2 Capital Advisors were retained to consult due to a "financial crisis." Otherwise, denied.

18. Admitted that in 2025, R&R and the Borrowers' Advisor submitted a Restructuring Analysis to Huntington. Denied that the Restructuring Analysis required any additional capital whatsoever. The Restructuring Analysis plan is a written document, the contents of which speak

for itself. To the extent any allegation herein is inconsistent with the plain language of the Restructuring Analysis, denied. Otherwise, denied.

19. Admitted that Huntington hired a financial advisory company, MERU. Without knowledge regarding Huntington and MERU discussions or communications and therefore, denied. Admitted that on January 5, 2026 – the same date Huntington received a $5.3 Million wire transfer from Homeowners via their Closing Agent – Huntington declared R&R Express Holdco, Inc. and its affiliates to be in non-monetary default by alleging a purported unacceptable restructuring plan submission to the bank. Otherwise, denied.

20. Denied.

21. Denied that the sale of the Subject Property constituted a "fraudulent scheme." Huntington had actual knowledge, since at least August 2025, of both the contemplated and completed sale of the Subject Property to Defendants. Admitted the Homeowners secured a purchase money mortgage loan with Centennial Bank ("Centennial") in the amount of $5.3 Million USD to purchase the Subject Property from R&R in 2025. Otherwise, denied.

22. Admitted that Centennial was aware of the Huntington mortgage lien on the Subject Property. Denied that Huntington was never contacted regarding paying off the mortgage loan. Otherwise, denied.

23. Admitted in part. Huntington issued two loan payoff quotes in December 2025 and January 2026 confirming same in writing pursuant to Fla. Stat. § 701.04, and the payoff balance amounts listed of those written payoff quotes speak for themselves. Otherwise, denied.[2]

24. Denied.

25. Denied.

---

[2] A copy of Huntington's First Payoff Quote is attached hereto as **Exhibit '1'** and Huntington's Second Payoff Quote is attached hereto as **Exhibit '2'**.

26. Admitted that Huntington received the Homeowners' wired $5,279,776.20 in loan payoff funds from their closing agent, the Law Office of Ronald Webster (the "Closing Agent"). Admitted that Huntington refused to apply the Homeowners' payoff funds to the Huntington Mortgage loan balance as required by State law. Otherwise, denied.

27. Denied.

28. Denied.

29. Without knowledge and therefore, denied.

**COUNT I**

30. The Homeowners readopt and reallege by reference the allegations contained in paragraph 1 through 30 of this Complaint as if fully set forth herein.

31. Section 726.105, Florida Statutes is written legislation and the content of the statute speaks for itself. As a result, no admission or denial is required. To the extent the allegations in paragraph 32 contradict the plain language of the statute, denied. Otherwise, denied.

32. Admitted that the Homeowners purchased the Subject Property from R&R in December 2025. Otherwise, denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

In response to the "WHEREFORE" clause of Huntington's Complaint, the Homeowners deny that Huntington is entitled to any relief whatsoever and request the Court enter judgment in favor of the Homeowners and against Huntington, award the Homeowners their prevailing party attorney fees and costs against Huntington, that Huntington take nothing from this action, and the Homeowners go hence without day.

## COUNT II

37. The Homeowners readopt and reallege by reference the allegations contained in paragraph 1 through 37of this Complaint as if fully set forth herein.

38. Section 726.105, Florida Statutes is written legislation and the content of the statute speaks for itself. As a result, no admission or denial is required. To the extent the allegations in paragraph 39 contradict the plain language of the statute, denied. Otherwise, denied.

39. Admitted that R&R sold the Subject Property to the Homeowners in December, 2025. Without knowledge regarding the estimated valuation of the Subject Property in December 2025 and therefore, denied. Otherwise, denied.

40. Denied.

41. Denied.

42. Denied.

In response to the "WHEREFORE" clause of Huntington's Complaint, the Homeowners deny that Huntington is entitled to any relief whatsoever and request the Court enter judgment in favor of the Homeowners and against Huntington, award the Homeowners their prevailing party attorney fees and costs against Huntington, that Huntington take nothing from this action, and the Homeowners go hence without day.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE:
### FAILURE TO STATE A CAUSE OF ACTION

43. Each of the Huntington plaintiffs fail to state a cause of action upon which relief can be granted.

**AFFIRMATIVE DEFENSE:**
**LACK OF STANDING**

44. As an over-secured creditor, Huntington lacks standing to bring a claim for UFTA relief.

**AFFIRMATIVE DEFENSE:**
**FAILURE TO JOIN INDISPENSABLE PARTIES**

45. Plaintiffs fail to join multiple indispensable parties to their claims. All debtor parties to the Credit Agreement are not named herein. Moreover, S&T is a participating lender in the Credit Agreement and is not named in this lawsuit.

**AFFIRMATIVE DEFENSE:**
**ESTOPPEL**

46. Huntington's claims for relief are barred due to estoppel.

**AFFIRMATIVE DEFENSE:**
**WAIVER**

47. Huntington's claims for relief are barred due to waiver.

**AFFIRMATIVE DEFENSE:**
**UNCLEAN HANDS**

48. Huntington's claims for relief are barred due to Huntington's unclean hands.

**AFFIRMATIVE DEFENSE:**
**FRUSTRATION OF PURPOSE**

49. Huntington's claims for relief are barred due to frustration of purpose.

**AFFIRMATIVE DEFENSE:**
**IMPOSSIBILITY**

50. Huntington's claims for relief are barred due to impossibility.

**AFFIRMATIVE DEFENSE:**
**FAILURE TO SATISFY CONDITION PRECEDENT**

51. Huntington's claims for relief are barred due to failure to satisfy statutory and/or contractual conditions precedent.

**AFFIRMATIVE DEFENSE:**
**FLORIDA'S BANKING STATUTE OF FRAUDS**

52. Huntington's claims for relief are barred by Florida's Banking Statute of Frauds.

**AFFIRMATIVE DEFENSE:**
**FRAUD**

53. Huntington's claims for relief are barred due to Huntington's fraudulent conduct in the generation of payoff quotes for the Huntington Mortgage, and fraudulent handling of the Homeowners' wired loan Payoff Funds.

**AFFIRMATIVE DEFENSE:**
**ACCORD & SATISFACTION**

54. Huntington's claims for relief are barred due to accord and satisfaction.

**AFFIRMATIVE DEFENSE:**
**RELEASE**

55. Huntington's claims for relief are barred due to release.

**AFFIRMATIVE DEFENSE:**
**EXPRESS CONTRACTUAL EXCLUSION**

56. Each of the subsequent amendments to the R&R Credit Agreement with Huntington expressly excluded the Subject Property as an asset to the Credit Agreement.

**AFFIRMATIVE DEFENSE:**
**RELIEF BARRED BY FLA. STAT. §§ 201.08(B) & 199.282(4)**

57. Huntington does not have an enforceable loan interest in the Subject Property beyond the amount disclosed, taxed, and paid to the Florida Department of Revenue.

58. By statute, courts are prohibited from enforcing any lien interest which exceeds the obligation amount disclosed and taxed to Florida DOR. "The mortgage, trust deed, or other instrument **shall not be enforceable in any court of this state** as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid." Fla. Stat. § 201.08(b)(emphasis supplied).

59. "**No mortgage, deed of trust, or other lien upon real property situated in this state shall be enforceable in any Florida court**, nor shall any written evidence of such mortgage, deed of trust, or other lien be recorded in any public record of the state, until the nonrecurring tax imposed by this chapter, including any taxes due on future advances, has been paid and the clerk of circuit court collecting the tax has noted its payment on the instrument or given other receipt for it." Fla. Stat. § 199.282(4)(emphasis supplied).

60. The relief sought by Huntington is barred because Huntington attempts to enforce a purported property interest in excess of $10 Million USD, but Huntington only disclosed and tendered taxes to the State of Florida for a loan interest of $6 Million USD. Accordingly, Huntington is barred by statute from enforcing a loan interest in excess of what it disclosed and paid to the Florida Department of Revenue for the Subject Property.

**AFFIRMATIVE DEFENSE:**
**SETOFF/RECOUPMENT**

61. To the extent Huntington has pleaded for damages relief in the alternative, the Homeowners assert that any damages judgment awarded to Huntington must be setoff by the amount of damages awarded to Homeowners against Huntington on their Counterclaims.

62. Moreover, to the extent Huntington received any consideration from Centennial relating to the dispute at issue herein, the Homeowners are similarly entitled to a setoff based on those settlement amounts received.

**AFFIRMATIVE DEFENSE:**
**FAILURE TO MITIGATE**

63. If Huntington suffered any damages, which Homeowners deny, such damages were caused or increased by Huntington's own conduct, including Huntington's refusal to apply the Homeowners' wired Payoff Funds tendered in satisfaction of the Huntington Mortgage and its failure to take reasonable steps to mitigate any alleged loss.

**AFFIRMATIVE DEFENSE:**
**HOMESTEAD EXEMPTION**

64. The Subject Property is and has been the Homeowner's constitutionally exempt homestead pursuant to Article X, Section 4 of the Florida Constitution since at least January 1, 2024.

65. Due to the Subject Property's status as the Homeowner's constitutionally exempt homestead, Plaintiffs are foreclosed from bringing this fraudulent transfer action.

**JURY TRIAL DEMAND**

The Homeowners demand a trial by jury on all issues so triable.