**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

In Re: **Chapter 11**

RICHARD STEPHEN FRANCIS, Case No. 2:26-BK-02418-FMR

Debtor.

_______________________________/

THE HUNTINGTON NATIONAL BANK, as lender,
and THE HUNTINGTON NATIONAL BANK,
as Administrative Agent and Collateral Agent,
Plaintiffs,

v. Adv. Proc. #2:26-ap-00064-FMR

R&R EXPRESS PROPERTIES, LLC,
RICHARD S. FRANCIS, KATHLEEN
L. FRANCIS, and CENTENNIAL BANK,
Defendants.
_______________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS RICHARD S. FRANCIS & KATHLEEN L. FRANCIS'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiffs, THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent (collectively, "Plaintiffs"), through their undersigned counsel, file this response in opposition to Defendants Richard S. Francis and Kathleen L. Francis's (the "Francises") Motion for Leave to Amend Answer and Affirmative Defenses (the "Motion") and state in support:

1. On January 23, 2026, Plaintiffs filed their Verified Complaint in the Circuit Court of Collier County against R&R Express Properties, LLC ("R&R Express") and the Francises alleging the fraudulent transfer of a residential property worth over $10,000,000 from R&R Express to Richard Francis (an insider), and his wife, Kathleen Francis, whereby R&R Express received $0 in exchange for the equity in the property at a time when R&R Express owed Plaintiffs at least $40,000,000.

2. On May 13, 2026, the Circuit Court entered its Case Management Plan, which outlined all case management deadlines leading up to trial in January 2027. The deadline to add new parties or amend the complaint was July 23, 2026. The deadline to complete fact discovery was October 12, 2026.

3. On June 12, 2026, the Francises filed their Answer, Affirmative Defenses, and Counterclaims against Plaintiffs (the "Answer").

4. During the several months since the Francises filed their Answer, extensive written discovery has taken place. The parties have served numerous requests for production, interrogatories, and requests for admission, and have begun the process of scheduling numerous depositions of parties and fact witnesses.

5. On September 8, 2026, the Francises filed their Motion seeking leave to amend their Answer and Affirmative Defenses to include an additional homestead exemption affirmative defense.

6. Florida Rule of Civil Procedure 1.190(a) provides that once a responsive pleading has been served, a party may amend a pleading only with leave of court "when justice so requires" or with written consent of the adverse party. Leave to amend should be denied when "(i) the moving party has abused the privilege to amend, (ii) the opposing party would be prejudiced by the amendment, or (iii) the amendment would be futile." *Mishpaja Shajine, Inc. v. Granada Ins. Co.*, 319 So. 3d 762, 763 (Fla. 3d DCA 2021) (citations omitted); *see Drish v. Bos*, 298 So. 3d 722, 723 (Fla. 2d DCA 2020); *Thompson v. Bank of N.Y.*, 862 So. 2d 768, 769-70 (Fla. 4th DCA 2003); *Beanblossom v. Bay Dist. Schools*, 265 So. 3d 657, 658-59 (Fla. 1st DCA 2019); *Save the Homosassa River All., Inc. v. Citrus Cty.*, 2 So. 3d 329, 344-45 (Fla. 5th DCA 2008).

7. Liberality in granting leave to amend diminishes with the passage of time. *Levine v. United Co. Life Ins. Co.*, 659 So. 2d 265, 266-67 (Fla. 1995) (affirming the denial of a motion to amend answer, holding that the trial court "had not abused its discretion because the liberality typically associated with amendments to pleadings diminishes as the case progresses"). Here, the Motion should be denied for several reasons.

8. First, the Francises have failed to show good cause as to why the amendment should be allowed. In fact, they have not provided the Court with a ***single reason*** as to why the homestead exemption affirmative defense was not included in their original Answer. As the Court's Case Management Plan notes,

the deadlines will be "strictly adhered to by the parties," and the Court will only consider a request to approve changes to these deadlines upon a showing of "good cause" arising from an emergency nature or unavailability. The failure to abide by these deadlines "may result in sanctions by the Court, including…the striking of pleadings…" The Francises' "sanction" in this case must be the denial of their Motion. *See Toscano Condo. Ass'n, Inc. v. DDA Engineers, P.A.*, 274 So. 3d 487, 490-91 (Fla. 3d DCA 2019) (finding no abuse of discretion and affirming the denial of leave to amend to add parties where the plaintiff waited more than six months after the amendment deadline established by the trial court's case management order).

9. ***Second***, Plaintiffs would be unfairly prejudiced by the proposed amendment because the parties have not engaged in discovery on the Francises' new defense. If leave to amend were granted such that this additional affirmative defense was now made part of this case, Plaintiffs would need to pursue written discovery about this topic.

10. ***Third***, the Francises' proposed amendment is futile. The Francises' homestead exemption affirmative defense, whether in its original Answer or its proposed Amended Answer, is futile because the defense is not a proper defense to a fraudulent transfer action. *See In re Bifani*, 493 B.R. 866, 871-72 (Bankr. M.D. Fla. 2013) (finding that the homestead exemption did not shield the property from avoidance as a fraudulent transfer); *In re Shannis*, 237 B.R. 862, 864 (Bankr. M.D.

Fla. 1999) (holding that a transfer of real property for no consideration at a time when the debtor was insolvent could be avoided as a fraudulent transfer despite the debtor's homestead exemption claim because the debtor was not residing on the property at the time of the initial transfer). This is because the homestead protection should not be used to shield fraud or reprehensible conduct. *See Renda v. Price*, 347 So. 3d 3, 5 (Fla. 4th DCA 2022) ("It is well-settled under Florida law that homestead protections 'cannot be employed as a shield and defense after fraudulently imposing on others.'") (quoting *Jones v. Carpenter*, 90 Fla. 407, 106 So. 127, 130 (1925)).

11. For these reasons, this Court should deny the Motion.

WHEREFORE, Plaintiffs, THE HUNTINGTON NATIONAL BANK, as lender, and THE HUNTINGTON NATIONAL BANK, as Administrative Agent and Collateral Agent, respectfully request that this Court enter an Order denying the Francises' Motion for leave to file the proposed Amended Answer and Affirmative Defenses and granting such further relief as this Court deems just and proper.

Dated: November 23, 2026

*/s/ John D. Emmanuel*
John D. Emmanuel, Esq.
Florida Bar No: 0475572
john.emmanuel@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
401 East Jackson Street, Suite 2400
Tampa, FL 33602
Tel. No. 813 222 8180
Fax No: 813 222 8189

*Attorneys for Creditor The Huntington National Bank*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the above and foregoing Response in Opposition to the Francises' Motion for Leave to Amend Answer and Affirmative Defenses that has been electronically filed this 23rd day of November, 2026, using the Court's CM/ECF Electronic Filing System, which will send a Notice of Electronic Filing to all counsel of record. The same was also sent via U.S. Mail to the following:

Michael D. Seese, Esq.
Seese, P.A.
1001 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954-745-5897
mseese@seeselaw.com

Kathleen Francis
550 S. Barfield Drive
Marco Island, FL 34145

Michael J. Roeschenthaler, Esq.
mroeschenthaler@raineslaw.com
Mark A. Lindsay, Esquire
mlindsay@raineslaw.com
Raines, Feldman, Littrell LLP
11 Stanwix Street, Suite 750
Pittsburgh, PA 15222

Richard Stephen Francis, Debtor
550 S. Barfield Drive
Marco Island, FL 34145

R&R Express Properties, LLC
c/o Richard S. Francis
100 Commerce Drive
Pittsburgh, PA 15275

Frank P. Terzo, Esq.
frank.terzo@nelsonmullins.com
Mark Raymond, Esquire
mark.raymond@nelsonmullins.com
Nelson Mullins Broad and Cassel
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394

*/s/ John D. Emmanuel*
Attorney